# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

THABO MANGEDWA JONES,

Defendant-Appellant.

UNPUBLISHED
August 28, 2018

No. 330759
Wayne Circuit Court
LC No. 12-003749-01-FH

---

ON REMAND

Before: SERVITTO, P.J., and JANSEN and STEPHENS, JJ.

JANSEN, J. (*dissenting*).

I respectfully dissent.

Because the majority provides a thorough recount of all evidence presented by the prosecution in this case, I find it unnecessary to do the same. I dissent because although the majority acknowledges that defendant, through his own testimony at trial, presented his theory of the case, I continue to believe he was prevented from presenting his complete theory. Through his testimony, defendant was able to detail the circumstances he felt required him to travel at the speed he was traveling, and further, testify that it was the victim that swerved into his lane immediately before impact. However, by excluding evidence of the victim's BAC at the time of the accident, defendant was prevented from presenting a complete defense. Even the majority admits that evidence of the victim's BAC could have aided defendant's theory of the case. I would conclude that the exclusion of such evidence was an abuse of discretion warranting reversal.

Evidence of the victim's BAC, which was 0.201 at the time of the collision, is indicative of the victim's gross negligence, which in my view could be considered a possible superseding cause of defendant's own negligence.[1] A BAC of 0.201 is over twice the legal limit, and given

---

[1] The trial court also excluded evidence that the victim had two prior operating while impaired by liquor convictions from 1993 and 1999, reasoning that they were "too remote." However, defense counsel was permitted to question the victim's son as to whether he was aware that his

-1-

his level of intoxication, it is entirely possible that the victim swerved into defendant's lane of travel immediately before the accident. Even if defendant had been traveling at the posted speed, he may not have been able to avoid the victim, as it is not foreseeable that an extremely intoxicated driver will swerve into your lane of travel. This fact bolsters defendant's testimony, and the jury was entitled to hear it. This is particularly true in light of the fact that the trial court allowed the victim's son to testify about what a good driver his father was.[2] Moreover, any witness testimony regarding defendant's speed before or at the time of the collision is speculative. The "black box" from the Dodge Charger driven by defendant was not recovered due to an error by the Detroit Police Department. Without that information, it is impossible to tell how fast defendant was driving.

Based on the foregoing, I would reverse defendant's conviction and remand to the trial court for a new trial.

/s/ Kathleen Jansen

---

father had been driving on a suspended license at the time of the accident, as the victim had received citations in 2008 and 2009 for speeding and disobeying a traffic signal, respectively.

[2] Specifically, the victim's son testified that his father "drove like an old man," meaning he always wore his seatbelt, and drove 5 mph under the speed limit. The victim's son further testified that he never saw his father swerve while driving, and that the victim always used his turn indicators while driving.